# EXHIBIT "B"

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| JENNIFER FANNING, H.L. FANNING, AND KARRIE BRITTON D/B/A FANNING FLOOR ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | 2017-CP-10-3506 |
| vs. ) | |
| OHIO SECURITY INSURANCE COMPANY ) Defendant(s) ) | FILED 2017 JUL 12 PM 1:58 JULIE J ARMSTRONG CLERK OF COURT |

Submitted By: Rebecca Halberg
Address: 191 Peachtree St., Suite 4200
Atlanta, GA 30303

SC Bar #: 9955 74963 RKH
Telephone #: 404-496-7308
Fax #: 404-496-7418
Other:
E-mail: RHalberg@forthepeople.com

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-_____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | ☐ Confession of Judgment (770) | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) _____ |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

SCCA / 234 (03/2016)                                              Page 1 of 2

**Submitting Party Signature:** _/s/_            **Date:** 7/11/2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA, | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | 17-CP-10-3506 |
| | ) | |
| JENNIFER FANNING, H.L. FANNING, | ) | SUMMONS |
| AND KARRIE BRITTON D/B/A | | |
| FANNING FLOOR | | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FILE NO. |
| | ) | |
| OHIO SECURITY INSURANCE | ) | |
| COMPANY | | |
| Defendant. | ) | |

FILED
2017 JUL 12 PM 1:58
JULIE J. ARMSTRONG
CLERK OF COURT
BY _____

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Charleston, South Carolina

Dated: 7/12/2017

_____
Plaintiff/Attorney for Plaintiff

Address:  Rebecca Halberg, Esq.
191 Peachtree St., Suite 4200
Atlanta, Georgia 30303
(404) 496-7308 (direct)
(404) 496-7418 (fax)
RHalberg@forthepeople.com
SC Bar No.: 74963

SCCA 401 (5/02)

IN THE CIRCUIT COURT OF CHARLESTON COUNTY
COURT OF COMMON PLEAS
STATE OF SOUTH CAROLINA

17-CP40-3506

| | |
|---|---|
| JENNIFER FANNING, H.L. FANNING, AND KARRIE BRITTON D/B/A FANNING FLOOR<br><br>Plaintiffs,<br>vs.<br><br>OHIO SECURITY INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION<br>FILE NO: |

## COMPLAINT

Plaintiffs, JENNIFER FANNING, H.L. FANNING, AND KARRIE BRITTON D/B/A FANNING FLOOR (hereinafter "Fanning Floor"), hereby sue Defendant, OHIO SECURITY INSURANCE COMPANY, and state as follows:

1. As of August 31, 2015, Fanning Floor was a business operated by Plaintiffs Jennifer Fanning, H.L. Fanning and Karrie Britton at 6494 Dorchester Rd., North Charleston, South Carolina 29418 (the "Property").

2. At all times material hereto, Ohio Security Insurance Company ("Defendant") was and is a insurance company authorized to do business in the State of South Carolina and was and is doing business in Charleston County, South Carolina.

3. Defendant is subject to the jurisdiction of this Court and may be served with process through the South Carolina Department of Insurance at 1201 Main Street, Columbia, South Carolina 29201.

4.  Defendant issued an insurance policy contact, given policy number BKS (16) 55627744, to Fanning Floor which provided coverage for the Property during the period of June 6, 2015 to June 6, 2016 (the "Policy").

5.  On or about August 31, 2015, Fanning Floor sustained a covered loss to the Property as a result of water which backed up into the Property through sewers or drains which were directly connected to a sanitary sewer or septic system (the "Loss").

6.  The water which backed up into the Property overflowed a toilet in the Property and resulted in the breaking apart or cracking of the toilet causing significant water damage to the Property.

7.  The water which damaged the Property was Category 3 biohazardous waste water according to Institute of Inspection, Cleaning and Restoration Certification (IICRC) standards, and was a "pollutant" as that term is defined by the Policy.

8.  The Loss also resulted in the growth of fungus and mold in the Property.

9.  The Defendant offered to provide Fanning Floor with $25,000 in coverage under the Policy for the Loss.

10. Fanning Floor is entitled to coverage for the Loss in excess of the $25,000 offered by the Defendant.

11. The Defendant unreasonably denied coverage for any amount in excess of $25,000.

### COUNT I – BREACH OF CONTRACT (Failure to Pay)

12. Fanning Floor incorporates and alleges by reference paragraphs 1-12 above as if the same were stated herein verbatim.

13. The Policy constitutes a contract between Fanning Floor and Defendant.

14. The Loss sustained by the Fanning Floor was a Covered Cause of Loss to Covered Property.

15. Under the terms and conditions of the Policy, Defendant was obligated to provide payment to the Fanning Floor for the full amount of the Loss to which it was entitled.

16. Defendant's improper refusal to provide payment for the full amount of the Loss constitutes a breach of contract.

17. Fanning Floor has sustained damages in an amount to be proven at trial as a result of Defendant's breach.

## COUNT II – BAD FAITH

18. Fanning Floor incorporates and alleges by reference paragraphs 1-17 above as if the same were stated herein verbatim.

19. The Policy constitutes a mutually binding contract of insurance between Fanning Floor and Defendant.

20. The Defendant unreasonably and in bad faith failed to pay Fanning Floor benefits which are due under the Policy.

21. Fanning Floor has sustained damages in an amount to be proven at trial as a result of Defendant's bad faith.

## COUNT III – PUNITIVE DAMAGES

25. Fanning Floor incorporates and alleges by reference paragraphs 1-21 above as if the same were stated herein verbatim.

26. Defendant's unreasonable and bad faith failure to pay Fanning Floor benefits which are due under the Policy constitutes willful, wanton or reckless conduct.

27. Fanning Floor is thus entitled to an award of punitive damages.

**WHEREFORE**, Fanning Floor prays:

a. That process issue according to law;

b. That Defendant be served with a copy of the Summons, Plaintiffs' Complaint for Damages and Demand for Trial by Jury according to law;

c. That Plaintiffs be granted a **trial by jury** in this matter;

d. That judgment be entered in favor of Plaintiffs against the Defendant for damages sustained as a result of Defendant's breach of contract in an amount to be determined by the enlightened conscience of an impartial jury;

e. That judgment be entered in favor of Plaintiffs against the Defendant for bad faith damages;

f. That judgment be entered in favor of Plaintiffs against the Defendant for punitive damages;

g. That Plaintiffs have such further relief as the Court deems necessary and proper.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 26th day of June, 2017.

_____
REBECCA HALBERG, ESQUIRE
South Carolina Bar No. ~~9955~~ 74963
MORGAN & MORGAN, ATLANTA, PLLC
191 Peachtree Street, N.E., Suite 4200
Atlanta, GA 30303
Direct: 404-496-7308
Fax: 404-496-7418
Attorney for Plaintiffs